## CIRCUIT COURT OF WISE COUNTY

Commonwealth of Virginia

     v.

Patrick Belcher

November 18, 1988

Case No. F88-140

By JUDGE J. ROBERT STUMP

The Multi-County Narcotics Task Force seized two growing patches of alleged marijuana plants (less than ten pounds) in its annual 1988 summer eradication program. The task force was unable to identify the grower and, pursuant to a court order, destroyed it. No lab tests nor photographs were conducted nor taken of the plants. Subsequently, the Commonwealth alleges it was able to identify the manufacturer of these plants and indicted Patrick Belcher.

Defendant Belcher moves to dismiss the indictment on the grounds that his due process Constitutional rights are violated because he cannot now analyze the plants to determine if they were in fact marijuana. He relies on Va. Code §§ 18.2-253; and 18.2-253.1.

The court makes the following findings of fact and conclusions of law.

1. There was no bad faith nor misconduct by the narcotics officers in destroying the plants pursuant to court order at the time when the person from whom seized was unidentified. *Taylor v. Commonwealth*, 4 Va. App. 45, 50 (1987); and *U.S. v. Binker*, 795 F.2d 1218 (5th Cir. 1986). Although the court finds no bad faith, the court does not find good faith here either. If this case is allowed to proceed against this defendant, future

fraud and easy prosecution could prejudice other defendants' constitutional rights to due process.

2. The U. S. Supreme Court's test and standard of constitutional materiality has not been met here:

A. The alleged marijuana plants were of exculpatory value that was apparent before the evidence was destroyed. *California v. Trombetta*, 104 S. Ct. 2528 (1984); and *U.S. v. Webster*, 750 F.2d 307, 333, 334 (5th Cir. 1984).

B. The destroyed plants were "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonable available means." *Trombetta* and *Taylor, supra.*

In the Belcher case, no scientific tests were conducted prior to destruction to determine if the plants were in fact marijuana. Therefore, the defendant cannot cross-examine the laboratory chemist. There were no photographs taken of the plants prior to destruction so the defendant has no means available to observe it or present independent evidence of its identity. Also, the narcotics officers did not preserve any samples -- all of the plants were destroyed -- which could be inspected, tested, etc. The only means available to the defendant is to cross-examine the narcotics officers as to their experience and ability to identify these plants as marijuana, which places the defendant in the precarious situation of totally relying on his accusers to disprove his case without any independent tests.

The cases relied on by the Commonwealth (*Trombetta, Webster, Binker*) all turned on the fact that the courts were impressed with the independent scientific testing of the evidence, which facts are not available here.

3. Moreover, the most important distinguishing factor here is Va. Code § 18.2-253, which prohibits with strong language ("*shall*") the destruction of alleged marijuana plants "until all rights of appeal have been exhausted." Here the plants were totally destroyed prior to indictment, thus disallowing the defendant any means whatsoever to defend himself. The Virginia General Assembly has spoken on this matter, and this statute overrides, distinguishes, and supersedes the cases relied on by the Commonwealth. It is noted that Va. Code § 18.2-253.1 is not applicable here since there were less than ten pounds of plants de-

stroyed (but is instructive as to legislative intent to make photographs and give notice to the defendant).

Wherefore, the court finds: (1) the destroyed evidence (although done not in bad faith) was constitutionally material; (2) exculpatory; (3) the destroyed evidence was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means; and (4) the Commonwealth has violated the prohibition in § 18.2-253 to not destroy the evidence prior to exhausting all appeals, thus prejudicing Belcher and his constitutional rights to due process.

Therefore, defendant's motion is sustained, and indictment No. F88-140 shall be dismissed.